## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE OF KANSAS,<br>*ex rel.* DEREK SCHMIDT, in his official capacity<br>as Attorney General of the State of Kansas,<br><br>         Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF DEFENSE,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 16-CV-_____<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff State of Kansas, by and through Kansas Attorney General Derek Schmidt, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* Kansas seeks an order of this Court requiring Defendant United States Department of Defense to provide records containing important information regarding the President's unlawful plan to transfer detainees held by the Defendant at the Guantánamo Bay Naval Base ("Guantanamo detainees") to the U.S. mainland. Kansas was one of three publicly-identified possible locations for the President's planned unlawful transfer. In support of its Complaint, Kansas alleges as follows:

### INTRODUCTION

Congress repeatedly has prohibited the use of federal funds to "transfer, release, or assist in the transfer or release" of Guantanamo detainees to the United States. Congress also has prohibited the expenditure of federal funds to "construct or modify" any facility in the United States for the purpose of housing Guantanamo detainees. Yet in 2015, the Defendant sent survey

teams to Leavenworth, Kansas to assess Fort Leavenworth's potential for housing Guantanamo detainees.

In December 2015, Kansas, by and through its Attorney General Derek Schmidt, submitted a FOIA request to the Office of the Secretary of Defense and Joint Staff ("OSD/JS"), which is a component of the Defendant. The Kansas request sought, among other things, all documents that discuss or relate to any expenditure of federal funds, including travel or personnel costs, related to surveying potential transfer sites on the U.S. mainland. The Office of Freedom of Information for OSD/JS ("Defendant's FOIA office") has admitted to Kansas that in response to Kansas's request it has compiled this information, and since at least April 2016, has had a document that contains the information Kansas seeks. The Defendant has yet to provide that document (or any other document within the scope of the request) to Kansas. The Defendant has not even given a firm date for making the document (which Defendant has admitted is already compiled and exists) available to Kansas, and has left open the option of substantially delaying its response, which would undermine the usefulness of the information Kansas seeks.

This action seeks declaratory and injunctive relief requiring the Defendant to immediately provide Kansas the document containing information about the Defendant's survey teams, promptly provide Kansas the other records it has requested, and grant Kansas's request for a public interest fee waiver.

## I.     PARTIES

1.      Plaintiff State of Kansas is one of the fifty sovereign States of the United States.

2.      Defendant United States Department of Defense is an Executive Branch Department of the United States government and is an agency within the meaning of 5 U.S.C.

§ 552(f)(1). The Office of the Secretary of Defense and Joint Staff is a component of the Defendant.

## II.      JURISDICTION AND VENUE

3.      This Court has both subject matter and personal jurisdiction under 5 U.S.C § 552(a)(4)(B). The Court also has subject matter jurisdiction under 5 U.S.C. §§ 701-06 and 28 U.S.C. § 1331.

4.      Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B).

## III.     FACTUAL ALLEGATIONS

5.      The allegations in paragraphs 1-4 are incorporated herein.

**A.      The President's plan to close the detention facilities at the Guantánamo Bay Naval Base and unlawfully transfer remaining detainees to the U.S. mainland.**

6.      Closing the detention facilities at the Guantánamo Bay Naval Base ("Guantanamo") has been one of President Obama's self-declared top priorities. On his second day in office the President issued an Executive Order aimed at reducing the population of Guantanamo detainees and "promptly" closing Guantanamo, even if that meant transferring dangerous detainees to detention facilities in the United States. Exec. Order No. 13,492, 74 Fed. Reg. 4897 (Jan. 22, 2009).

7.      Congress, however, has prohibited the use of federal funds to transfer, or assist in the transfer of, Guantanamo detainees to the United States.

8.      The National Defense Authorization Act for Fiscal Year 2014 ("2014 NDAA") and the National Defense Authorization Act for Fiscal Year 2015 ("2015 NDAA"), which covered the time period relevant to the Kansas request, imposed the following prohibition on the use of federal funds:

> No amounts authorized to be appropriated or otherwise made available to the Department of Defense may be used . . . to transfer, release, or assist in the transfer or release to or within the United States, its territories, or possessions of Khalid Sheikh Mohammed or any other detainee who—
>
> > (1) is not a United States citizen or a member of the Armed Forces of the United States; and
> >
> > (2) is or was held on or after January 20, 2009, at United States Naval Station, Guantanamo Bay, Cuba, by the Department of Defense.

2014 NDAA, Pub. L. 113-66, § 1034, 127 Stat. 672, 851 (2013); 2015 NDAA, Pub. L. 113-291, § 1033, 128 Stat. 3292, 3492 (2014).

9.     The 2014 NDAA and 2015 NDAA also prohibited the use of federal funds to "construct or modify any facility in the United States . . . to house any [Guantanamo detainees] . . . unless authorized by Congress." 2014 NDAA, Pub. L. 113-66, § 1033, 127 Stat. at 850; 2015 NDAA, Pub. L. 113-66, § 1032, 127 Stat. at 851.

10.     The National Defense Authorization Act for Fiscal Year 2016 (2016 NDAA), the 2016 Consolidated Appropriations Act, and other recent appropriations bills included similar restrictions. *See* Pub. L. No. 114-92, §§ 1031, 1032, 129 Stat. 726, 968 (2015) (2016 NDAA); Pub. L. No. 114-113, § 8103, 129 Stat. 2242, 2376 (2015) (2016 Consolidated Appropriations Act); *see also, e.g.*, Pub. L. No. 114-53 § 101 (2015); Pub. L. No. 114-4, § 533 (2015); Pub. L. No. 113-235, Div. B §§ 528, 529, Div. C §§ 8112, 8113, Div. I § 512 (2014); Pub. L. No. 113-203 (2014); Pub. L. No. 113-202 (2014); Pub. L. No. 113-164 § 101 (2014); Pub. L. No. 113-76, Div. B, §§ 528, 529 (2014).

11.     Nevertheless, in 2015 and possibly earlier, Defendant sent survey teams to potential detention locations in the United States to determine their suitability for housing Guantanamo detainees. One of those sites was Fort Leavenworth in Leavenworth, Kansas, where the U.S. Disciplinary Barracks is located.

12.     In November 2015, the State learned that the President was on the verge of taking illegal executive action to transfer Guantanamo detainees to one or more facilities in Kansas, Colorado, and/or South Carolina.

13.     The President has not yet taken this illegal action, but in February 2016 he submitted a plan for closing Guantanamo Bay to Congress that includes transferring Guantanamo detainees to the U.S. mainland. The plan states that Defendant's survey teams identified 13 potential facilities for housing the detainees in the United States.

**B.      Kansas submitted a FOIA request seeking records related to the President's unlawful plan to transfer Guantanamo detainees to the U.S. mainland.**

14.     On December 16, 2015, Kansas submitted a FOIA request to Defendant's FOIA office (attached as Exhibit A). Kansas sought all records between December 26, 2013 and December 16, 2015 that "discuss or in any way relate to":

(a)  the implementation of Executive Order 13492 or Executive Order 13493, of January 22, 2009, concerning the disposition of individuals detained at the Guantanamo Bay Naval Base and the closure of the detention facilities located there;

(b)  the transfer or potential transfer to the United States mainland of individuals currently detained at the Guantanamo Bay Naval Base;

(c)  site visits to military bases or detention facilities in Kansas or any other State as part of, or related to, an effort to find a facility to house individuals currently detained at the Guantanamo Bay Naval Base;

(d)  the modification or construction of any military base or federal or state-owned prison, penitentiary, or other detention facility for the purpose of housing individuals currently detained at the Guantanamo Bay Naval Base;

(e)  any assessment of the suitability of any location at Fort Leavenworth, Kansas, or elsewhere within the State of Kansas, as a site for potentially housing individuals currently detained at the Guantanamo Bay Naval Base;

(f)  surveys or questionnaires regarding potential transfer sites on the United States mainland for individuals currently detained at the Guantanamo Bay Naval Base;

(g) any expenditures of funds related to (a) through (f), including any travel or personnel costs related to surveying potential transfer sites on the United States mainland for individuals currently detained at the Guantanamo Bay Naval Base;

(h) the legal basis for any violation of the funding restrictions Congress has imposed.

Ex. A at 1-2.

15.     Kansas also requested a public interest fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii) and 32 C.F.R. § 286.28(d)(3)(i)(A)-(D). Kansas explained that the President's plan to bring dangerous Guantanamo detainees to the U.S. mainland was an issue of great public concern and that the State intended to make all information it obtained through its FOIA request available to the public so that the public, including state and federal lawmakers, would be aware of the President's plan. Ex. A at 2-3.

**C.     At the Defendant's suggestion, Kansas agreed to narrow its request in order to expedite the processing of its request.**

16.     On December 23, 2015, Defendant's FOIA office responded that it would not be able to comply with the Kansas request within the statutory 20-day time period. 5 U.S.C. § 552(a)(6)(A). The response, attached as Exhibit B, relied on empty, boilerplate excuses—

(a) the need to search for and collect records from a facility geographically separated from this office; (b) the potential volume of records responsive to [the] request; and (c) the need for consultation with one or more other agencies or DoD components having a substantial interest in either the determination or the subject matter of the records.

Ex. B at 2.

17.     Defendant's FOIA office also stated that a decision on Kansas's fee waiver request would not be made until "the conclusion of the search and assessment of responsive records." Ex. B at 2.

18.     On January 14, 2016, Defendant's FOIA office proposed that Kansas limit the scope of items (a) and (g) of its request. *See* Ex. C at 2.

19.     With respect to item (a), Defendant's FOIA office asked Kansas to limit the scope of its request to any materials that "discuss the relocation of individuals detained at [Guantanamo] to the State of Kansas due to closure of the detention facilities at [Guantanamo]." Ex. C at 2.

20.     With respect to item (g), "[t]o save time and satisfy [the Kansas] request," Defendant's FOIA office proposed the following modification:

> OSD will prepare a document that lists the following information as it applies to the survey of potential [Guantanamo] detainee transfer sites on the United States mainland: the location of such surveys as well as the total cost of travel, per diem, and incidental expenses for all Department of Defense personnel conducting these surveys.

Ex. C at 2.

21.     Defendant's FOIA office emphasized that by "re-scoping [the Kansas] request [it] will take less time to conduct a search and provide a response." Ex. C at 2.

22.     On February 8, 2016, Kansas agreed to limit the scope of items (a) and (g) along the lines of what Defendant's FOIA office proposed in order to expedite the processing of its request. *See* Ex. C at 1-2.

**D.      The Defendant failed to process the Kansas request by the estimated completion date of April 15, 2016.**

23.     After agreeing to limit the scope its request, Kansas asked Defendant's FOIA office for an alternative time frame for processing the Kansas request since the Defendant was unable to comply with the statutory 20-day period. On March 2, 2016, Defendant's FOIA office provided an estimated completion date of April 15, 2016.

24.     Kansas did not receive a response from Defendant's FOIA office by April 15, 2016. The following week, Kansas requested an update of the status of its request.

25.     On April 21, 2016, Defendant's FOIA office responded that the document it agreed to produce to comply with item (g) of the Kansas request (as modified by agreement)— the document that compiles information about the survey teams—had been created but needed unspecified "additional coordination." Ex. D.

26.     Yet Defendant's FOIA office extended its estimated completion date by seven months to November 15, 2016—after the next presidential election, just two months before President Obama will leave office, and likely too late for the information to be useful.

27.     Defendant's FOIA office stated that the document referenced in item (g) could be provided "ahead of the remainder of [the Kansas] request," but it gave no hint as to when that might be. Ex. D.

28.     Defendant's FOIA office provided no real explanation for the dramatic change in the time frame for complying with the Kansas request, reciting the same boilerplate reasons it stated for extending the deadline the first time:

> (a) the need to search for and collect records from a facility geographically separated from this Office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with one or more other agencies or DoD components having a substantial interest in either the determination or the subject matter of the records.

Ex. D.

29.     On April 27, 2016, Kansas responded, in part, as follows:

> Because OSD's response to paragraph (g) has been completed by OSD and only needs "further coordination," it is unclear how any of these circumstances provide reasons for delaying OSD's response to the State's re-scoped paragraph (g). The State narrowed its request with respect to paragraph (g) in order to receive a timely response. The State respectfully requests that it receive OSD's response to

paragraph (g), as re-scoped, on or before May 15, 2016. No unusual circumstances would support delay beyond that time.

The State also requests more specific reasons for why the remainder of its request will take an additional seven months to complete.

Ex. E at 1.

30.     Kansas received no response from Defendant's FOIA office by May 15, 2016, and has received no response to date.

31.     An agency can extend the time for responding to a FOIA request "only to the extent reasonably necessary to the proper processing of the particular requests." 5 U.S.C. § 552(a)(6)(B)(ii).

32.     None of the reasons the Defendant has given justify the Defendant's continuing and inexplicable delay in making available to Kansas the document referenced in item (g), which, by the Defendant's own admission, already has been created.

33.     Defendant's FOIA office has yet to decide the Kansas public interest fee waiver request.

## IV.     CLAIMS FOR RELIEF

### COUNT ONE
**Failure to Produce the Document Requested in Item (g), as Modified by Agreement**

34.     The allegations in paragraphs 1-33 are incorporated herein.

35.     The Defendant is unlawfully withholding the document requested in item (g) of the Kansas FOIA request, as modified by agreement—the document that "lists the following information as it applies to the survey of potential [Guantanamo] detainee transfer sites on the United States mainland: the location of such surveys as well as the total cost of travel, per diem, and incidental expenses for all Department of Defense personnel conducting these surveys." Ex. C. *See* 5 U.S.C. § 552.

9

36.     The Kansas FOIA request reasonably described the records requested and was made in accordance with published rules and procedures.

37.     The Defendant proposed, and Kansas agreed, to limit the scope of the Kansas request in order to expedite the processing of that request.

38.     April 15, 2016 was set as an alternative time frame for processing the so-modified Kansas request.

39.     Even though Defendant's FOIA office has prepared the document referenced in item (g), as modified by agreement, the Defendant has failed to comply with the April 15, 2016 deadline, has yet to provide the document to Kansas, and has said it will not commit to providing the document any sooner than November 15, 2016.

40.     Defendant's failure to provide Kansas the document requested in item (g), as modified by agreement, violates the FOIA, 5 U.S.C. §§ 552, *et seq.*, *see also, e.g.*, 5 U.S.C. §§ 552(a)(3)(A), (a)(6), and Defendant's corresponding regulations, *see* 32 C.F.R. Part 286.

## COUNT TWO
## Failure to Produce All Other Records Requested

41.     The allegations in paragraphs 1-40 are incorporated herein.

42.     The Kansas FOIA request reasonably described the records requested and was made in accordance with published rules and procedures.

43.     Defendant proposed, and Kansas agreed, to limit the scope of the Kansas request in order to expedite the processing of that request.

44.     April 15, 2016 was set as an alternative time frame for processing the so-modified Kansas request.

45.     Defendant failed to comply with the April 15, 2016 deadline and now has extended the deadline another seven months, to November 15, 2016, with no additional explanation for the substantial delay.

46.     Defendant's failure to provide Kansas the records Kansas requested in its modified request violates the FOIA, 5 U.S.C. §§ 552, *et seq.*, *see also, e.g.*, 5 U.S.C. §§ 552(a)(3)(A), (a)(6), and Defendant's corresponding regulations, *see* 32 C.F.R. Part 286.

## COUNT THREE
### Failure to Grant Public Interest Fee Waiver Request

47.     The allegations in paragraphs 1-46 are incorporated herein.

48.     Kansas has demonstrated it is entitled to a waiver of fees associated with processing its FOIA request because the information sought in the FOIA request is in the public interest, will significantly contribute to the public's understanding of Defendant's operations and activities, and will not be used to further any commercial interest. 5 U.S.C. § 552(a)(4)(A)(iii); 32 C.F.R. § 286.28(d).

49.     Defendant's failure to grant the Kansas request for a public interest fee waiver violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)-(iii), and Defendant's own regulations, 32 C.F.R. § 286.28(d).

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff State of Kansas respectfully requests the following relief from this Court:

A.     A declaratory judgment that Defendant has violated the FOIA, 5 U.S.C. § 552, *et seq.*;

B.     An injunction requiring the Defendant to immediately provide Kansas a copy of the document it requested in item (g), as modified by agreement—the document that "lists the

following information as it applies to the survey of potential [Guantanamo] detainee transfer sites on the United States mainland: the location of such surveys as well as the total cost of travel, per diem, and incidental expenses for all Department of Defense personnel conducting these surveys";

      C.     An injunction requiring the Defendant to promptly provide Kansas all the records requested in its December 2015 FOIA request, as modified, in their entirety;

      D.     An injunction prohibiting the Defendant from charging Kansas any fees for the processing the request;

      E.     An order awarding Kansas the costs and reasonable attorneys' fees incurred in this action, *see* 5 U.S.C. 552 § (a)(4)(E); and

      F.     Such other relief as the Court may deem just and proper.

## VI.    DESIGNATION OF PLACE OF TRIAL

Kansas designates Topeka as the place of trial.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

By:  s/ Derek Schmidt

Derek Schmidt, KS Sup. Ct. No. 17781
    Kansas Attorney General
Jeffrey A. Chanay, KS Sup. Ct. No. 12056
    Chief Deputy Attorney General
Stephen R. McAllister, KS Sup. Ct. No. 15845
    Solicitor General of Kansas
Dwight R. Carswell, KS Sup. Ct. No. 25111
    Assistant Solicitor General
Bryan C. Clark, KS Sup. Ct. No. 24717
    Assistant Solicitor General

Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel: (785) 296-2215
Fax: (785) 291-3767
E-mail:  derek.schmidt@ag.ks.gov
          jeff.chanay@ag.ks.gov
          steve.mcallister@trqlaw.com
          dwight.carswell@ag.ks.gov
          bryan.clark@ag.ks.gov

*Attorneys for Plaintiff State of Kansas*